O’Neael J.
In the action of assumpsit it is generally necessary to set out the consideration, the promise, and the breach. The whole consideration should be stated truly; and the promise ought to be set out either in the words, in which it was made, or according to its legal effect, 1 Ch. Pl. 295. 299. The latter is the more technical, and therefore the better course. Ib. 302. In Clarke v. Gray, 6 East, 569, Lord Ellenborough said, “ It is sufficient to state in the declaration so much of any contract, consisting of several distinct parts, and collateral provisions, as contains the entire consideration of the act, and the entire act to be done in virtue of such consideration.”
These are general rules, and well known to every pleader; but they are entirely sufficient for the decision of the case before us. The defendants are declared against as common carriers, in the usual form: And the ground, on which the nonsuit was ordered, and on which it is now attempted to be supported, is, that the receipt of defendants, given in evidence, was not a general undertaking to carry, but a special agreement, by which their liability was not to attach, unless the plaintiffs effected insurance on the box, in which the cotton was laden ; and that an actual performance, or an excuse for non-performance, should have been averredi In what does the receipt differ from a general undertaking to carry for freight 11 can discover nothing, either in the consideration, or in the agreement itself, which differs it from the usual contract of a carrier.
The consideration, for which they undertake to deliver the cotton, is the freight. It is true, that there is a stipulation, that insurance shall be effected; but that forms no part of the consideration of the undertaking to carry. It admits of question, indeed, whether the stipulation was not one which was to be performed by the defendants, or rather by Boyce & Henry, as their agents : For, read the receipt through, in the order in which it is written, and it would appear that the premium of insurance was to be deducted from the freight to be paid to the defendants. Admitting, however, that the stipulation for insurance was to have been performed by the plaintiffs : Insurance could riot have benefited the defendants ; for the liability of the insurers would have arisen from loss, by perils, to which the liability of the *156 carriers did not extemjl. Insurance could not, therefore, have been intended for their benefit, nor formed any part of the consideration of their undertaking.
Let it even be conceded, that the insurance was intended for the benefit of the defendants, and that it could have availed them ; yet their liability had commenced at the date of the receipt, and the insurance had to be effected afterwards. The effectinginsurance, could not, therefore, be a condition precedent to the attaching of that liability ; and hence it was unnecessary for the plaintiffs to have averred performance, or an excuse for non-performance. 1 Ch. Pl. 309-10-13. But it is argued, that the agreement to insure was a condition of the defendants’ undertaking to carry, and forming part of the consideration it ought to have been set out. Here lies the whole error of the defendants. They attach to the supposed stipulation for insurance, an importance in the contract, to w'hich it is not intitled. It is certainly necessary that a sufficient consideration should be stated in the declaration ; and if the plaintiffs’ agreement to perform a subsequent act is the consideration, it must perhaps be stated, although it is unnecessary to aver performance. But where a sufficient consideration is stated, it is altogetherunnecessary to set out matters which are merely collateral, or which only go to limit the future responsibility of the defendants, but which do not constitute the consideration of the undertaking, for the breach of which the action is brought. Clarke v. Gray, 6 East, 563. Thomson v. Miles, 1 Esp. N. P. C. 184.
What was the true consideration of the defendants’ undertaking 1 What was the entire act to be done 1 The freight, or in the language of the declaration, “ reasonable reward,” was the true consideration. The act, to be done for this consideration, was the carriage and delivery of the cotton in good order. These are all fully set out in the declaration. If the stipulation to insure was an. undertaking on the part of the plaintiffs, it was altogether collateral and independent, and went merely to limit the future responsibility of the defendants. It formed no part of the true consideration of their undertaking,' and therefore needed not to have been set forth in the declaration. The motion to set aside the nonsuit is therefore granted.
Johnson J. concurred. Harper J. having been of counsel in the caSse, gave no opinion.
Motion granted.